UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:11-CV-00223-BR

| | | |
|---|---|---|
| ALAN PITTS, | ) | |
| SENECA NICHOLSON, | ) | |
| | ) | |
| Plaintiffs, | ) | ORDER |
| | ) | |
| v. | ) | |
| UNITED STATES HOUSING AND URBAN | ) | |
| DEVELOPMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on plaintiffs' 21 June 2011 "Motion to Modify Order of the Magistrate Judge Determining that the Plaintiffs W[]ere Capable of Prepaying Filing Cost Within the 30 Day Period Prescribed by Lo[c]al Rule or Alternatively, Appeal of Such Order." The court construes this filing as a motion for review of and objections to Magistrate Judge David Daniel's 17 May 2011 order denying plaintiffs' application to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 636(b)(1)(A), the undersigned may designate a magistrate judge to determine any pretrial matter that is not dispositive of a party's claim or defense, such as an application to proceed *in forma pauperis*. If a party desires for the district judge to review a magistrate judge's ruling on such a matter, the party must file objections to the order. Fed. R. Civ. P. 72(a). The court will only modify or set aside any part of the order that is clearly erroneous or contrary to law. Id.; see also 28 U.S.C. § 636(b)(1)(A). "A factual finding is clearly erroneous when [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" TFWS, Inc. v. Franchot, 572 F.3d 186, 196 (4th Cir. 2009) (citation omitted).

Under the clearly erroneous standard, the reviewing court is not to

> ask whether the finding is the best or only conclusion permissible based on the evidence. Nor is it to substitute its own conclusions for that of the magistrate judge. Rather, the court is only required to determine whether the magistrate judge's findings are reasonable and supported by the evidence. "It is not the function of objections to discovery rulings to allow wholesale relitigation of issues resolved by the magistrate judge."

Int'l Ass'n of Machinists & Aerospace Workers v. Wener-Masuda, 390 F. Supp. 2d 479, 486 (D. Md. 2005) (citations omitted).

In the instant motion, plaintiffs contend that they should not be required to pay the filing cost because they have no income; are unable to access credit despite having real property valued at approximately $300,000; are the parents of an eight year old child; have no transportation or land line telephone or internet service; and because plaintiff Pitts is unable to pay for his medications, among other reasons. Based on the sworn application plaintiffs filed, Judge Daniel concluded that

> [a]lthough Plaintiffs are currently unemployed, their application indicates that their combined monthly income exceeds their monthly expenses by a minimal amount. In addition, Plaintiffs have indicated that they own unencumbered real estate valued at over $300,000. Accordingly, Plaintiffs have failed to demonstrate that payment of the required court costs would deprive them of the "necessities of life" as required by *Adkins*[ *v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)].

These findings and conclusion are neither contrary to law nor clearly erroneous.

Plaintiffs' objections are OVERRULED, and the motion is DENIED. Plaintiffs have 20 days from the date of this order to pay the appropriate civil filing fee. If they do not do so within

2

this time, the Clerk is DIRECTED to close this case.

This 14 July 2011.

                                                W. Earl Britt
                                                Senior U.S. District Judge

3

Case 5:11-cv-00223-BR   Document 5   Filed 07/14/11   Page 3 of 3